UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20307-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

DONZELL JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 855]. The Order of Reference requires a Report and Recommendation as to the reasonableness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Donzell Jones ("Defendant"). Upon a thorough review of this matter, the undersigned respectfully recommends that the CJA Voucher be approved.

## PROCEDURAL BACKGROUND

In this case, fourteen defendants were charged in a Superseding Indictment [D.E. 193]. The charges in the Superseding Indictment consist of: a RICO conspiracy whose predicate acts include threats of murder, robbery, and drug trafficking; a drug trafficking conspiracy; possession of drugs with intent to distribute; possession/use of firearms in furtherance of drug trafficking crimes and crimes of violence; and Hobbs Act Robbery. Id.

The CJA voucher submitted by Defendant's Attorney Arthur Louis Wallace, Esq. ("Attorney Wallace") requests compensation in the amount of $40,374.02, which consists of

$38,630.00 in fees for 291.5 out-of-court hours, $475.20 in fees for 3.6 in-court hours, and $1,268.82 for travel expenses.

Attorney Wallace has submitted a letter explaining why the hours expended exceed the cap. Attorney Wallace stated that the discovery that had to be reviewed was voluminous and included reports of the investigation, meetings, surveillance, debriefings, undercover purchase operations, undercover videos, telephone recordings, social media files, and recorded statements of defendants and witnesses. Attorney Wallace also explained that he had to engage in numerous meetings with Defendant and the government to discuss enhancements, drug amount, resolution of the case by way of plea, and Defendant's cooperation. These circumstances, in addition to the nature of the case, made it both extended and complex.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 81.0 | 10,764.00 |
| Obtaining and Reviewing Records | 102.6 | 13,543.20 |
| Legal Research and Brief Writing | 11.7 | 1,544.40 |
| Travel Time | 80.0 | 10,640.00 |
| Investigative and Other work | 16.2 | 2,138.40 |
| **Total** | **291.5** | **38,630.00** |

The undersigned has reviewed the time sheets submitted by Attorney Wallace and finds these hours to be reasonable taking into consideration the above-referenced circumstances.

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Wallace's CJA Voucher be approved in the amount of $40,374.02, which consists of $38,630.00 in fees for 291.5 out-of-court hours, $475.20 in fees for 3.6 in-court hours, and $1,268.82 for travel expenses.

The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended and complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this ____ day of January, 2019.

*/s/ Alicia O. Keyes*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:  United States District Judge Jose E. Martinez
     Counsel of Record